UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAHREEM PERRY,

                          Plaintiff,

               -against-

DAVID ROBLES; IVETTE AGOSTO,

                          Defendants.

1:23-CV-7492 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Kahreem Perry, who appears *pro se*, and is currently held in the Otis Bantum

Correctional Center on Rikers Island, filed this action asserting claims of abuse of process

against David Robles and Robles's mother, Ivette Agosto, seeking a total of $2,000,000 in

damages. By order dated August 24, 2023, the Court granted Plaintiff's request to proceed *in*

*forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons discussed below,

the Court dismisses this action for lack of subject matter jurisdiction, but grants Plaintiff leave to

file amended complaint to replead his claims.

**STANDARD OF REVIEW**

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges the following: Robles is a drug dealer who sells drugs out of his New York, New York, apartment. Plaintiff and Robles had been fighting because Robles had been selling drugs to teenagers; on October 22, 2021, Plaintiff and Robles got into a physical altercation because Robles had sold drugs to a teenage girl. In the course of the altercation, Plaintiff took cocaine and money from Robles.

Robles convinced his mother, Agosto, to falsely report to the police that Plaintiff had robbed her; she alleged that Plaintiff had approached her with a gun and demanded money while she was dumping trash, and that she backed into her apartment with Plaintiff, where Robles gave him twenty dollars and then Plaintiff fled. Hours later, Plaintiff was arrested. Agosto was unable to immediately identify Plaintiff as the person who robbed her, but later identified him from a single photograph; Robles refused to identify Plaintiff.

Plaintiff was arraigned on charges of robbery and burglary. Agosto testified before a grand jury, which voted to indict Plaintiff. "Robles coerced his mother, . . . Agosto, to have [Plaintiff] arrested and prosecuted because (a) [Plaintiff] interfered with Robles['s] drug dealing business, (b) to get [Plaintiff] legally off of the streets, and (c) [because he] did not want to [be] known as the neighborhood informant." (ECF 1, at 2.)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has subject

matter jurisdiction only when a "federal question" is presented or, if the plaintiff is asserting claims under state law under the court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different States and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

Plaintiff does not specify the basis for the court's subject matter jurisdiction, but asserts claims of abuse of process against private individuals; such claims, therefore, appear to be brought under state law. The Court thus construes Plaintiff's complaint as asserting claims under state law under the Court's diversity jurisdiction, and not claims under federal law under the Court's federal question jurisdiction.

To establish the court's diversity jurisdiction, a plaintiff must first show that he and the defendants are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as

the place where a person "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* There is a rebuttable presumption that a prisoner retains his or her pre-incarceration domicile. *Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007); *see Housand v. Heiman*, 594 F.2d 923, 925 n. 5 (2d Cir. 1979).

The plaintiff must also allege to a "reasonable probability" that his or her claims are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff seems to allege that Defendants Robles and Agosto are citizens of the State of New York, as he alleges that they reside in an apartment in New York, New York. He does not specify his own state citizenship, but he seems to imply that he is also a citizen of the State of New York, as he alleges that he has had frequent previous altercations with Robles and that Robles had a need "to get [him] legally off the streets." (ECF 1, at 2.) Thus, it does not appear that the parties are diverse. In addition, it is unclear from the complaint how Plaintiff's claims satisfy the jurisdictional amount for a diversity action – an amount in excess of the sum or value of $75,000. The Court therefore dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint to allege facts showing that the Court can consider his claims under its diversity jurisdiction. Plaintiff must allege facts showing that the parties are of diverse citizenship; he must indicate the state citizenships of all of the parties at the time of the filing of

this action, including himself, and must show that neither of the defendants was, as of the time of the filing of this action, a citizen of the State of which Plaintiff was a citizen of at that time. He must also allege facts showing that his claims satisfy the jurisdictional amount for a diversity action – an amount in excess of the sum or value of $75,000.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff 60 days' leave to file an amended complaint in which he alleges facts showing that the court has diversity jurisdiction of this action. If Plaintiff fails to file an amended complaint within the time allowed, or does not show cause to excuse that failure, the Court will direct the Clerk of Court to enter a judgment dismissing this action for lack of subject matter jurisdiction. *Id.*

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 16, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge